

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

September 24, 1974

The Honorable Homer A. Davis
County Attorney
Hartley County
Box 1110
Dalhart, Texas 79022

Opinion No. H- 410

Re: Authority of county clerk
to issue certified copy of
letters testamentary after
estate has been closed.

Dear Mr. Davis:

Your letter to us asks:

> I would like to know what authority, if any,
> the County Clerk of Hartley County has to
> issue a Certified Copy of Letters Testamentary
> after an estate has been closed.

The duties of a county clerk as recorder of public records are determined by the Legislature in accordance with Article 5, § 20 of the Texas Constitution. Article 1942, V. T. C. S., provides that county clerks shall be keepers of the records, books, papers and proceedings of their respective courts, including matters of probate. Article 6591, V. T. C. S., requires the clerk to record all instruments of writing "authorized or required to be recorded in the county clerk's office . . . ." Article 6600, V. T. C. S., requires him to "give attested copies whenever demanded of all papers recorded in his office . . . ." Therefore, the answer to your question depends on whether the clerk is authorized to record letters testamentary.

We have not found any provision in the Texas Probate Code, or any other statute, which authorizes the clerk to record the letter testamentary itself. However, the clerk is authorized by the Texas Probate Code to record such facts as the name of the executor to whom letters testamentary

are issued, Texas Probate Code, §13, and each order, judgment, decree and proceeding of the probate court, §15. Among the orders, decrees and judgments of the Probate Code which will appear in both the Judge's Probate Docket, §13, and in the Probate Minutes, §15, will be a full and complete copy of the order granting letters testamentary.

The letters testamentary themselves, however, are not official orders, decrees or acts of the court such as the clerk is authorized to record. They are rather:

> . . . a certificate of the clerk of the court granting the same, attested by the seal of such court, and stating that the executor . . . has duly qualified as such as the law requires, the date of such qualification, and the name of the deceased. Texas Probate Code, §183.

The distinction between facts which are required to be recorded and a letter testamentary is recognized in §186 of the Texas Probate Code which provides:

> Letters testamentary, of administration, or of guardianship, or a certificate of the clerk of the court which granted the same, under the seal of such court, that said letters have been issued, shall be sufficient evidence of the appointment and qualification of the personal representative of an estate . . . and of the date of qualification.

The Legislature has not required the exhibit of a certified letter testamentary as evidence of an executor's appointment and qualification. It is sufficient for the clerk when requested, simply to certify that letters testamentary have been issued.

Attorney General Opinion V-575 (1948) reached the same conclusion.

> The County Clerk may not record in the probate minutes a copy of letters of administration,

testamentary or guardianships. Neither is he
authorized to issue such letters to third persons.
However, after such letters have been issued to
the proper persons, the County Clerk may then
issue a certificate of such facts which may appear
of record.

Thus, the county clerk is authorized to certify from the record
that letters testamentary were issued and any other recorded facts per-
tinent to a particular estate. However, since letters testamentary are
not authorized to be recorded in the probate records, the county clerk has
no authority to issue certified copies of such letters.

## SUMMARY

Although a county clerk can certify from the
record that letters testamentary were issued to
a personal representative, the clerk has no
authority to issue certified copies of letters
testamentary.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg